# UNITED STATES DISTRICT COURT
### for the
#### Southern District of Illinois

DARYL R. BEAN )
_____ )
_____ ) Case Number: 15-1050-MJR
_____ ) (Clerk's Office will provide)
Plaintiff/Petitioner(s) )
v. ) ☒ CIVIL RIGHTS COMPLAINT
ANGELA CHANEY, MARK ) pursuant to 42 U.S.C. §1983 (State Prisoner)
BATEMAN, TOMMY DAVIS, ) ☐ CIVIL RIGHTS COMPLAINT
ANOTHER CHANCE MINISTRIES ) pursuant to 28 U.S.C. §1331 (Federal Prisoner)
MANAGER WILL ) ☐ CIVIL COMPLAINT
Defendant/Respondent(s) ) pursuant to the Federal Tort Claims Act,
) 28 U.S.C. §§1346, 2671-2680, or other law

SCANNED AT MENARD and E-mailed
9-23-15 by JC 15 pages
date initials No.

## I. JURISDICTION

Plaintiff: Daryl R. Bean N-16328

A. Plaintiff's mailing address, register number, and present place of confinement.

P.O. Box 1000
Menard Correctional Center
Menard, Illinois, 62259

Defendant #1:

B. Defendant ANGELA CHANEY is employed as
  (a) (Name of First Defendant)

SUPERVISORY PAROLE AGENT
  (b) (Position/Title)

with ILLINOIS DEPARTMENT OF CORRECTIONS
  (c) (Employer's Name and Address)

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes ☐ No

If your answer is YES, briefly explain: Employed by the State of Illinois

(Rev. 7/2010) 1

**Defendant #2:**

C.  Defendant __MARK BATEMAN__ is employed as
(Name of Second Defendant)

__PAROLE AGENT__
(Position/Title)

with __ILLINOIS DEPARTMENT OF CORRECTIONS__
(Employer's Name and Address)
__1301 CONCORDIA COURT, SPRINGFIELD ILLINOIS,__

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☒ Yes ☐ No

If you answer is YES, briefly explain: __Employed by the State of Illinois__

**Additional Defendant(s) (if any):**

D.  Using the outline set forth above, identify any additional Defendant(s).

Defendant Tommy Davis is employed as the owner operator of Another Chance Ministries with the Illinois Dept. of Corrections, 1301 Concordia Court Springfield, Illinois, ~~62714~~ 62794.
At the time this claim arose, Defendant #3 was employed by the State of Illinois.

E.  Defendant Another Chance Ministries Manager Will is employed as the manager for Another Chance Ministries, 359 South 17th Street, East St. Louis, Illinois, 62201.
At the time the claims alleged in this complaint arose, Defendant #4 was employed by the State of Illinois.

II.   **PREVIOUS LAWSUITS**

    A.    Have you begun any other lawsuits in state or federal court relating to your imprisonment?  ☐ Yes  ☒ No

    B.    If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint.</u>

        1.    Parties to previous lawsuits: N/A
            Plaintiff(s):

            Defendant(s): N/A

        2.    Court (if federal court, name of the district; if state court, name of the county): N/A

        3.    Docket number: N/A

        4.    Name of Judge to whom case was assigned: N/A

        5.    Type of case (for example: Was it a habeas corpus or civil rights action?): N/A

        6.    Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

        7.    Approximate date of filing lawsuit: N/A

        8.    Approximate date of disposition: N/A

III. **GRIEVANCE PROCEDURE**

  A. Is there a prisoner grievance procedure in the institution? ☒ Yes ☐ No

  B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes ☐ No

  C. If your answer is YES,
   1. What steps did you take? Filed emergency grievance with Chief Administrative Officer

   2. What was the result? Unrelated to prison

  D. If your answer is NO, explain why not.

  E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☒ Yes ☐ No

  F. If your answer is YES,
   1. What steps did you take? Filed complaint with the Illinois Prisoner Review Board

   2. What was the result? Letter became lost/stolen

  G. If your answer is NO, explain why not.

  H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not. Never recieved any administrative response

IV. **STATEMENT OF CLAIM**

   A. State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

Your Plaintiff Daryl R. Bean was convicted in the 20th Judicial Circuit Court of St. Clair County Illinois of Attempted Burglary and sentenced to three years in the Illinois Department of Corrections on September 3, 2014. The correctional department knew on September 11, 2014 that Plaintiff suffered from documented mental disorders and was prescribed anti-psychotic medication and treatment. Before any initial decision was made on Plaintiffs parole, his mental state was a part of the official record. The Review Board still chose to order that Plaintiff spend sixty days on electronic monitoring. With Plaintiffs mental disorders, he should never have been placed on any form of electronic monitoring program. That on May 1, 2015, the Plaintiff was paroled to the wrong halfway house. The Plaintiff was sent to 244 South 10th Street, East St. Louis, Illinois 62201, and denied entry because he was not scheduled to be there. Plaintiff was supposed to have been paroled to Another Chance Ministries located at 359 South 17th Street, East St. Louis, Illinois 62201, as part of a sixty day halfway house placement on parole. When Plaintiff could not get in the wrong half way house, Plaintiff had a schizophrenic episode and hid

(Rev. 7/2010)

in a vacant house until Plaintiff checked himself into the psychotic behavioral unit of St. Elizabeth Hospital, Belleville, Illinois, 62220; for treatment. That on May 5, 2015 the St. Elizabeth Hospital discharged the Plaintiff only upon the condition that he be accepted into the halfway house and receive outpatient mental health services. Another Chance Ministries halfway house manager "Will" knew before Plaintiff was admitted to Another Chance Ministries that Plaintiff had some mental problems. Defendant Tommy Davis, owner of Another Chance Ministries, a corporate entity, was acting under color of Illinois State law, as a contractor performing the function of running a halfway house for the Illinois Department of Corrections for parolee's, had no experience or practice of dealing with parolee's with mental illness. Defendant Manager Will, and Defendant Davis, was on notice at the time that Plaintiff was incarcerated at the halfway house that Plaintiff had some mental problems. Defendant Davis failed to adequately train his employee's in handling parolee's with mental disorders. Another Chance Ministries has no intake screening for identifying and dealing with psychiatric episode and crisis of parolee's. No psychiatric or suicide identification prevention programs, policy's,

5 (a)

or procedure manuals. There is no manual to direct Another Chance Ministries employees, to implement the Illinois Department of Corrections procedures to identify and treat potentially psychotic - suicidal parolees who are in crisis. There is no mental health intake screening form designed to detect potential risk upon admission to another chance ministries halfway houses. Plaintiff reported several times, that he was experiencing a risk of self-destructive behavior and no immediate assistance was provided. A mental health intake screening form consists of a single page divided into six sections: Suicide Potential Screening, Psychiatric Screening, Behavioral Observations, Summary, Disposition, and comments. The employees administering the mental health screening and completing the form was required to be qualified to do so. An instructional video tape details how the form was to be used and describes the dangers of psychotic potential in the halfway house setting. Psychotic and suicidal identification and prevention training as part of that job training. Suicide is the tenth major cause of death in the United States. Some studies indicate the risk among inmates is five times higher than that within the community. The purpose of the

5(b)

screening is to identify parolee's requiring need of further evaluation. If there is any doubt, the parolee should be referred to mental health professionals.

On June 22, 2015 Plaintiff does not personally remember throwing any brick at Another Chance Ministries building. Plaintiff was seeing things, hearing things, experiencing delusions, manic depressive behavior, schizophrenia. On May 29, 2015 Plaintiff requested to Defendant Manager Will that he was out of medication and needed to talk to someone at the hospital because he was in need of medication and was experiencing symptoms of psychosis. Defendant Manager Will informed Plaintiff that Defendant Angela Chaney instructed Defendant Manager Will not to allow Plaintiff any additional time on his electronic monitoring to go to the hospital. On June 13, 2015 Plaintiff informed Defendant Halfway House Manager Will that he had only one hour remaining on his electronic monitoring movement and needed medication because he was feeling weird. Defendant Manager Will informed Plaintiff that Defendant Angela Chaney and Defendant Mark Bateman said not to give Plaintiff extra time to go get medication or go to the hospital. Defendant's Will,

5(c)

Chaney, and Bateman, refused to allow Plaintiff to go to the hospital for emergency treatment. Defendant Chaney stated that Plaintiff was using his medical problems as an excuse to get out of attending B.I. classes. The Plaintiff was enrolling at St. Louis University and only had movement for five hours to go to B.I. sessions and to the University. Plaintiff requested that Defendant Chaney and Bateman on June 17, 2015 grant Plaintiff some extra time to go to the hospital for some more medication. Defendant Chaney refused the Plaintiff needed medical treatment and told Plaintiff to go between the hours of 10:00AM to 3:00PM when the Plaintiff must be in the mandatory B.I. courses and finish enrollment at college. Missing enrollment at the University is not an option; Plaintiff requested to Defendant Chaney to miss the B.I. courses (unneeded useless courses not equivalent to university courses) and she stated if Plaintiff missed the B.I. courses he Plaintiff would be violated and sent to prison on a violation. Plaintiff never got his anti-psychotic med's. Plaintiff had been out of medication since May 29, 2015. On June 22, 2015 Plaintiff had a psychotic episode at Another Chance Ministries. On June 23, 2015, the

5(d)

Plaintiff disregarded the orders of Defendant's Chaney, Will, Bateman, and instead of going to B.I. courses, the Plaintiff went to Comprehensive Mental Health and reported the denial of medical treatment by Defendant's Will, Chaney, Bateman; the lady at the mental health wanted to admit Plaintiff to the hospital for emergency treatment, but Plaintiff explained to the lady that he would be considered an escapee, AWOL, unauthorized, violator of parole. The lady gave me a sort of discharge instruction, a complaint of abuse against Will, Chaney, Bateman, 30 day prescription for Risperdal. Plaintiff gave the report to Defendant Manager Will who notified Defendant's Chaney and Bateman on June 23, 2015. On June 24, 2015 Defendant Bateman handcuffed the Plaintiff at 8:30 AM at the Another Chance Ministries and transported Plaintiff to the East St. Louis, Illinois, Parole Office. Defendant Chaney screamed at Plaintiff that quote:"I am sending your big mouth ass back to prison." Unquote. Because Plaintiff reported abuse. The Defendant Chaney further stated that as long as she was a supervisor for the East St. Louis Parole Office she Defendant Chaney would never approve the Plaintiff a host site. Plaintiff's host site was denied

5(e)

on June 24, 2015 and again September 8, 2015 host site was denied. The Illinois Dept. of Corrections and Another Chance Ministries does not recruit, hire, or train, experienced staff or employees to deal with parolee's who have mental issues. The Defendant's at Another Chance Ministries have no training about the psychiatric needs of parolee's or how to respond to the medical needs of parolee's by providing prompt care or to transport parolees to appropriate facilities for psychiatric treatment or observation. The correctional and halfway house staff have to be trained to arrange for parolees to receive to recieve medication or treatment. Employees have to be told what the expectations are, and they have to become practiced at implementing those expectations Plaintiff's psychotic episode could have been prevented if Plaintiff was allowed to receive his prescribed psychotropic medication as ordered by the doctor. Plaintiff is being punished because he was denied medication for his mental illness and became psychotic. Defendant's were deliberately indifferent to Plaintiffs safety, has been demonstrated by the Illinois Department of Corrections condoning its employees and those of Another Chance Ministries not following policies. Jail

5(f)

managers who decide to take no precaution against the possibility of parolee suicide - to have no policy, for example, no suicide-watch option - would be guilty of deliberate indifference in the relevant sense. The Illinois Dept. of Corrections is responsible for the care and supervision of the inmate/parolee in custody. Care includes protecting the parolee from her/himself. Care includes ensuring access to needed medical treatment. Since parolees in a halfway house are removed from their community support systems, it is the Illinois Dept. of Correction['s] responsibility that parolees have support within the halfway house.

    Plaintiff was denied due process and procedural due process in the parole revocation hearing. Plaintiff was denied a Preliminary Parole Hearing - Mandatory Supervised Release Violation Hearing before a neutral hearing officer to determine whether or not probable cause existed. Plaintiff was denied this hearing and his right to present evidence or to make a written request to present witnesses. Plaintiff requested postponement of preliminary hearing to obtain witnesses. This right was ignored by Defendants Chaney and Bateman. The Plaintiff never elected to waive any preliminary hearing

5(a)

to appear before the prisoner review board. Plaintiff was denied due process at his revocation hearing on August 20, 2015. Defendants conspired to violate Plaintiffs civil rights. Defendants were deliberately indifferent to Plaintiffs serious medical needs in violation of the Eighth Amendment, First, Fifth and Fourteenth Amendments to the United States Constitution, giving rise to a cause of action under the authority of 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) which prohibits conspiracies to deprive persons of their civil rights; and 42 U.S.C. § 1986, which provides for damages liability for anyone who, having knowledge that a 1985 conspiracy is about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so. Another Chance Ministries, a private corporation, acting under color of state law as though it was a municipal entity.

5(h)

## V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

Award compensatory, punitive, and other damages

## VI. JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 09/17/15 (date)

Menard Correctional Center
P.O. Box 1000
Street Address

Menard, Illinois 62259
City, State, Zip

Signature of Plaintiff

DARYL R. BEAN
Printed Name

N-16328
Prisoner Register Number

Signature of Attorney (if any)

(Rev. 7/2010)   6

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

DARYL R. BEAN, )
       Plaintiff, )
   V. )
  )
ANGELA CHANEY, MARK )
BATEMAN, TOMMY DAVIS, )
ANOTHER CHANCE )
MINISTRIES MANAGER )
WILL )
       Defendants )

## CERTIFICATE OF SERVICE

I, DARYL R. BEAN, hereby certify that I have mailed a true and correct copy of civil rights complaint by placing same in an envelope addressed to:

Clerk of the Court
U.S. District Court
Southern District of Illinois
750 Missouri Avenue
East St. Louis, Illinois, 62201

and depositing in the Menard Correctional Center, Menard Illinois, 62259 for the United States Mail on 09/17/15

*[signature]*

Daryl R. Bean N-16328
Menard Correctional Center
P.O. Box 1000
Menard, Illinois, 62259