IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYL R. BEAN, # N-16328,  ) | |
|                                             ) | |
|             Plaintiff,    ) | |
|                                             ) | |
|   vs.                            ) | Case No. 15-cv-1050-MJR |
|                                             ) | |
| ANGELA CHANEY,             ) | |
| MARK BATEMAN,             ) | |
| TOMMY DAVIS,                ) | |
| and WILL,                         ) | |
|                                             ) | |
|           Defendants.  ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was on parole, which was ultimately revoked.

This matter is before the Court on a motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 5). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Review of documents filed in the electronic docket of this Court and the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:  *Bean v. Peters, et al*, Case No. 92-cv-275 (S.D. Ill., dismissed Jan. 12, 1993, as frivolous); *Bean v. Washington, et al*, Case No. 96-cv-3210 (C.D. Ill., dismissed Feb. 18, 1997, strike noted in Doc. 37); *Bean v. Washington, et al*, Case No. 99-cv-3003 (N.D. Ill., dismissed Sept. 7, 1999, for failure to state a claim); *Bean v. People of the State of Illinois, et al*, Case No. 06-cv-625 (S.D. Ill., dismissed Aug. 17, 2007); and *Bean, et al, v. O'Gara, et al*, Case No. 14-cv625 (S.D. Ill., dismissed July 25, 2014).  Because Plaintiff has five "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner.  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."  *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).  Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners

"allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. All of his claims are against individuals who were in charge of supervising Plaintiff while he was on parole earlier in 2015. He asserts that they were deliberately indifferent to his serious mental health condition, and denied him due process in his parole revocation proceedings. At the time Plaintiff filed this action, his parole status had been revoked, and he was again incarcerated. He does not allege that any of the Defendants hold any influence over the medical treatment he is or is not receiving at Menard, or over any aspect of his current conditions of confinement. He does not claim to be under any imminent danger of any kind. Any injury to his mental or physical health as a result of the Defendants' actions took place in the past.

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case. Therefore, it is hereby **ORDERED** that Plaintiff's motion for leave to proceed IFP in this case (Doc. 5) is **DENIED**.

Ordinarily, when a prisoner's motion for IFP is denied, the Court will grant him an opportunity to pre-pay the filing fee in full if he wishes to proceed with the lawsuit. However, Plaintiff's action is subject to immediate dismissal because of his failure to disclose his prior litigation history. The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate

litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court.  *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

Plaintiff used the court-issued civil rights complaint form to prepare his pleading.  This form directs the plaintiff to list all prior lawsuits relating to his imprisonment, and warns that "failure to comply with this provision may result in summary denial of your complaint" (Doc. 1, p. 3).  In response to this section, Plaintiff stated that he had not begun any other lawsuits relating to his imprisonment.  This declaration is obviously false, in light of the summary above enumerating Plaintiff's five previous "strikes."  Notably, his most recent strike was incurred just over a year ago in this Court, when he filed suit over inadequate attorney representation during the case for which he is currently imprisoned.  *Bean, et al, v. O'Gara, et al.*, Case No. 14-cv-625 (S.D. Ill.).  Because Plaintiff omitted this critical information about his litigation history, and falsely stated that he had filed no prior lawsuits, this case shall be dismissed as a sanction for his fraud upon the Court.  The dismissal, however, shall be without prejudice.

A separate order shall be entered directing the prison where Plaintiff is confined to deduct payments from his inmate trust account, in accordance with 28 U.S.C. § 1915(b), toward the $400.00 filing fee that he incurred when he initiated this action.  The dismissal of this case does not affect Plaintiff's obligation to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** because Plaintiff failed to truthfully disclose his litigation history.  All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall not count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents.

       The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

       **IT IS SO ORDERED.**

       **DATED: October 16, 2015**

                                         <u>s/ MICHAEL J. REAGAN</u>
                                         Chief Judge
                                         United States District Court